**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ADITYA BIRLA CHEMICALS USA INC and PACK PERFECT INC.<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; the UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; JAMIESON GREER, in his official capacity as United States Trade Representative; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; HOWARD LUTNICK, in his official capacity as Secretary of Commerce,<br><br>Defendants. | Court No. 26-00134 |

**PARTIAL CONSENT MOTION FOR**
**LIMITED INTERVENTION AS A PLAINTIFF-INTERVENOR**

Pursuant to 28 U.S.C. § 2631(j) and Rule 7(b) and 24(b) of the Rules of the United States Court of International Trade ("CIT"), the National Fisheries Institute ("NFI") moves to permissively intervene on a limited basis—for the purposes of the pending Motion to Lift Stay and for Issuance of Order Clarifying Refunds (the "Motion to Lift Stay," ECF No. 9)—as a Plaintiff-Intervenor in this action on behalf of its member-constituents who import seafood and related merchandise from countries that were subject both to tariffs imposed under International Emergency Economic Powers Act ("IEEPA") and to antidumping and/or countervailing duties ("AD/CVD") orders.

As Plaintiff's Complaint and Motion generally allege, despite the Supreme Court's February 2026 ruling striking down all tariffs imposed under IEEPA, a certain subset of importers-of-record ("IORs"), including Plaintiffs and NFI members, cannot obtain refunds of the invalidated IEEPA duties. *See Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026). This is because the guidance promulgated by the U.S. Customs and Border Protection ("CBP"), CSMS # 68340863, categorically excludes IEEPA entries that are also subject to AD/CVD for which the Department of Commerce ("DOC") has issued liquidation instructions that remain pending, regardless of how long DOC's AD/CVD process takes. *See* CAPE guidance CSMS # 68340863.

This is so even though the Consolidated Administration and Processing of Entries ("CAPE") system used by the CBP is capable of isolating and calculating the IEEPA-duty amount separately. The delayed refunds owed to U.S. seafood processors and distributors is *hundreds of millions of dollars* collectively and have been withheld since at least February 20, 2026, with no identified end date for return.

Because NFI meets the standards for permissive intervention, and because the resolution of the Motion to Lift Stay will govern the refund rights of importers subject to a wide range of differing AD/CVD orders – not merely the specific circumstances presented by Plaintiffs – NFI seeks to intervene for the limited purpose of participating in the resolution of that Motion. Permitting NFI's limited intervention ensures the Court has the fuller record needed to craft relief that accounts for this range of AD/CVD postures, rather than relief calibrated only to the narrower facts and perspectives of two plaintiffs. *See Auxin Solar, Inc. v. United States*, 698 F. Supp. 3d 1353 (Ct. Int'l Trade 2024), *appeal dismissed*, No. 2025-2120, 2026 WL 304864 (Fed. Cir. Feb. 5, 2026) (granting the motion to intervene where the proposed defendant-intervenor adopted the

government's motion in full but provided additional perspective). NFI does not seek to file a separate brief, extend the briefing schedule, or otherwise expand the scope of the Motion to Lift Stay. NFI's request is narrow: that the Court permit counsel for NFI a brief allotment of time at the oral argument already scheduled, so that the Court may hear directly how the range of AD/CVD postures among NFI's membership bears on the relief Plaintiffs seek.

For these reasons, NFI respectfully requests that the Court grant this Motion to intervene.

## ARGUMENT

### I. NFI Meets the Requirements for Permissive Intervention

Here, NFI meets the requirements for permissive intervention, particularly for the limited purpose of Plaintiffs' pending Motion to Lift Stay. Intervention in the CIT is governed by 28 U.S.C. § 2631(j) and USCIT Rule 24(b). Section 2631(j) allows a person who would be "adversely affected or aggrieved" by a CIT decision to intervene by leave of court, subject to statutory exceptions, and requires the court to consider undue delay or prejudice where intervention is by leave. Rule 24(b) likewise provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

In cases brought under 28 U.S.C. § 1581(i), like Plaintiffs', the CIT considers whether the proposed intervenor would be adversely affected or aggrieved, whether the proposed claim or defense shares a common question of law or fact with the main action, whether the motion is timely, and whether intervention would unduly delay or prejudice the existing parties. *See, e.g.*, *Eregli Demir Ve Celik Fabrikalari T.A.S. v. United States Int'l Trade Comm'n*, 639 F. Supp. 3d 1245, 1257 (Ct. Int'l Trade 2023). The "adversely affected or aggrieved" language is construed broadly in CIT intervention cases. *See, e.g.*, *Auxin Solar*, 698 F. Supp. 3d at 1379. Timeliness is

assessed under all the circumstances, including when the movant knew or should have known of its interest, prejudice to existing parties, prejudice to the movant if intervention is denied, and unusual circumstances. *See id.*

Here, NFI members would be directly and adversely affected by a decision favoring Defendants. Unlike Plaintiffs, whose entries present a single AD/CVD posture, NFI's members are IORs operating under distinct AD/CVD orders covering seafood and related merchandise, each carrying its own liquidation timeline before the Department of Commerce. A ruling on the Motion to Lift Stay that does not account for this range of postures risks leaving a substantial portion of similarly situated importers without the clarity Plaintiffs seek for themselves. NFI's members therefore share the same adverse effect as Plaintiffs, continued, indefinite withholding of unlawfully collected IEEPA duties, while also illustrating the breadth of circumstances the Court's ruling will necessarily reach.

Specifically, both Plaintiffs and NFI's members present the identical legal question of whether CBP's categorical exclusion of IEEPA duties on entries with pending AD/CVD liquidation instructions – regardless of the length or status of DOC's AD/CVD process – is a lawful basis for withholding refunds required by *Learning Resources*. Resolving that common question will govern the refund rights of Plaintiffs and NFI's members alike, notwithstanding differences in the particular AD/CVD orders under which their entries fall. *See also PrimeSource Building Products, Inc. v. United States*, 494 F. Supp. 3d 1307, 1334 n.37 (Ct. Int'l Trade 2021) (concurrence) (noting that intervention "is a mechanism for consolidating in a single action claims or defenses that might otherwise be litigated separately . . . [and] offers a streamlined mechanism for an outside party to join pending litigation rather than filing a separate lawsuit and seeking consolidation.).

Intervention here would impose no cognizable prejudice. NFI seeks no continuance and no relief broader than what Plaintiffs already request; it will adhere to the oral argument date. Nor does NFI raise any claim or defense to which Defendants must separately respond. NFI's participation is limited to reinforcing, through the additional perspective of its membership, the same legal and factual questions already before the Court. Denying intervention, by contrast, would risk piecemeal litigation of the identical CAPE-exclusion question in a separate action, contrary to the interest in judicial economy that permissive intervention is meant to serve.

## II. NFI Has Associational Standing

An association has standing on behalf of its members when (1) at least one member would have standing to sue in its own right, (2) the interests at stake are germane to the organization's purpose, and (3) neither the claim nor the relief requires the participation of individual members. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); *accord Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

Here, a number of NFI members are IORs that paid IEEPA duties on entries also subject to AD/CVD orders and have been denied CAPE refunds solely because of the AD/CVD exclusion. Those members' injury—continued withholding of unlawfully collected funds—is concrete, particularized, traceable to CBP's policy, and redressable by the declaratory and injunctive relief sought. NFI's mission of supporting "a marketplace supporting trade" for the seafood industry squarely covers a challenge to the delayed refund of IEEPA duties paid by its importer members.

Furthermore, NFI only seeks to join Plaintiffs' Motion to Lift Stay, which seeks only declaratory and injunctive relief directed at CBP's generally applicable policy, not individualized money judgments. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 287–90 (1986) (association may pursue claims presenting legal questions

where member-specific determinations can be resolved by the responsible agency after relief is entered); *United Food & Com. Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 546 (1996) (individual participation "not normally necessary" where an association seeks prospective or injunctive relief).

Finally, NFI's Motion is timely because the Plaintiffs filed their action under 28 U.S.C. § 1581 "within two years after the cause of action first accrue[d]." 28 U.S.C. § 2636(i). Both Plaintiffs' and the NFI member claims accrued no earlier than February 20, 2026 (the *Learning Resources* decision establishing the refund obligation) or April 20, 2026 (CAPE Phase 1 deployment and CBP's announcement of the AD/CVD exclusion through CSMS # 68340863). Therefore, any action filed in 2026 would be timely well within the two-year limitations period.

Therefore, this Motion is timely and NFI has demonstrated associational standing.

## CONCLUSION

In accordance with CIT Rule 7(f), undersigned counsel to NFI consulted with the parties to this action regarding NFI's intervention in this matter. On September 4, 2026, Attorney Craven, counsel for Plaintiffs, stated that Plaintiffs consent. On September 8, 2026, Mathias Rabinovitch, counsel for Defendants, stated that Defendants oppose. Nonetheless, the Court should grant NFI's motion to intervene, and permit NFI to participate in the oral argument and subsequent procedure on this narrow issue pertaining to AD/CVD in this case.

Dated: September 8, 2026

Respectfully submitted,

/s/ Ashley Akers

Ashley Akers
HOLLAND & KNIGHT LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Tel. (202) 441-5870
Ashley.akers@hklaw.com

*Counsel for Proposed Plaintiff-Intervenor*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ADITYA BIRLA CHEMICALS USA INC<br>and<br>PACK PERFECT INC.,<br><br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; the UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; JAMIESON GREER, in his official capacity as United States Trade Representative; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; HOWARD LUTNICK, in his official capacity as Secretary of Commerce,<br><br>Defendants. | Court No. 26-00134-RKE |

**[PROPOSED] ORDER**

This matter comes before the Court on the Motion by National Fisheries Institute ("NFI") for Limited Intervention as Plaintiff-Intervenor pursuant to 28 U.S.C. § 2631(j) and Rule 7(b) and 24(b) of the Rules of the United States Court of International Trade.

[*intentionally left blank*]

Upon consideration of the Motion, it is hereby **ORDERED** that NFI's Motion for Limited Intervention as Plaintiff-Intervenor is **GRANTED**, and it is **FURTHER ORDERED** that NFI may participate in the September 15, 2026 oral argument in this matter and any subsequent procedure relating to this narrow issue pertaining to AD/CVD in this case.

**SO ORDERED**.

Dated: ___________________, 2026

_____________________________________
The Honorable Richard K. Eaton

Court No. 26-00134