UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, JUDGE

| | |
|---|---|
| ADITYA CHEMICALS USA INC., *et al.*<br><br>Plaintiffs,<br><br>and<br><br>THE NATIONAL SEAFOOD ASSOCIATION,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>UNITED STATES, *et al.*<br><br>Defendant. | Court No. 26-00134 |

**ORDER**

On consideration of defendants' Motion for an Extension of Time; upon other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that defendants' Motion for an Extension of Time is granted; and it is further

ORDERED that defendants' combined response to plaintiffs' Motion to Order Refund of IEEPA Duties on Type 03 Entries and plaintiff-intervenors' Motion for an Order Directing Refund of Invalidated IEEPA Duties on Type 03 Entries shall be filed on or before November 23, 2026.

**SO ORDERED**.

______________________________
Richard K. Eaton, Judge

Dated: ____________________
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, JUDGE

| | |
|---|---|
| ADITYA CHEMICALS USA INC., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES, *et al.*<br><br>Defendant. | Court No. 26-00134 |

**MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S AND PLAINTIFF-INTERVENOR'S MOTIONS FOR AN ORDER DIRECTING REFUNDS OF IEEPA DUTIES ON TYPE 03 ENTRIES**

Pursuant to Rules 1, 6, and 7 of the Rules of the United States Court of International Trade (USCIT), defendants, the United States *et al.* (the Government), respectfully requests that the Court extend the time by fourteen (14) days for the Government to file a response to Plaintiffs' Motion to Order Refund of IEEPA Duties on Type 03 Entries and Plaintiff-Intervenor's Motion for an Order Directing Refund of Invalidated IEEPA Duties on Type 03 Entries. The Government's response is currently due on or before November 9, 2026. *See* ECF No. 25. The requested modification would extend this deadline through and including November 23, 2026.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the

context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014) (explaining that diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for granting our requests for an extension. Subsequent to the entry of the Court's October 6, 2026, Scheduling Order, undersigned counsel has been diligently working to prepare a response to plaintiffs' and plaintiff-intervenor's motions. Despite these efforts, additional time is needed for Government counsel to finalize a response, and to allow for the required internal review and approval process within both the Department of Justice and the relevant agency before filing with the Court. Several pending matters involving undersigned counsel have delayed the drafting and preparation of the Government's response. Undersigned counsel continues to handle voluminous and time-sensitive work relating to the Court's Orders in *Freestyle World Inc. v. United States, et al.*, Court No. 26-1088 (Ct. Int'l Trade). In addition, undersigned counsel has had to prepare an appellate brief in *Cyber Power Systems (USA) Inc. v. United States*, Court No. 26-1973 (Fed. Cir.), assist with expert discovery in *Takaokaya USA Inc. v. United States*, Court No. 24-00213 (Ct. Int'l Trade), and prepare responses to Complaints in *Samsonite LLC v. United States*, Court Nos. 24-00040, 24-00041 (Ct. Int'l Trade), among several other matters requiring counsel's immediate attention before the current deadline in this case.

The need for additional time further arises from extraordinary staffing circumstances within the Commercial Litigation Branch over the past two weeks. Specifically, the departure of the Branch's Deputy Director, Claudia Burke, on October 23, 2026, has required the cases that were under her supervisory review to be reassigned. As a result, although Government counsel have been actively preparing a response, the reduced supervisory capacity and resulting

increased workload have made compliance with the current deadline difficult. The requested brief extension will permit the Government to complete its response and obtain the necessary internal review and will promote the filing of a thorough and fully considered response. Accordingly, undersigned counsel respectfully requests additional time to respond to plaintiffs' and plaintiff-intervenor's motions.

On November 6, 2026, counsel for plaintiffs, David Craven, of Craven Trade Law LLC, indicated that plaintiffs do not take a position on this request and leave it to the discretion of the Court. On November 5, 2026, counsel for plaintiff-intervenor, Ashley Akers, of Holland & Knight LLP, indicated that plaintiff-intervenor defers to the discretion of the Court.

WHEREFORE, the Government respectfully requests that its motion be granted.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Mathias Rabinovitch
MATHIAS RABINOVITCH
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-0484
*Attorneys for Defendant*

Dated: November 6, 2026