UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, JUDGE

ADITYA CHEMICALS USA INC., *et al.*

Plaintiffs,

and

THE NATIONAL SEAFOOD ASSOCIATION,

Plaintiff-Intervenor

v.

UNITED STATES, *et al.*

Defendant.

Court No. 26-00134

**ORDER**

On consideration of defendants' Motion for an Extension of Time; upon other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that defendants' Motion for an Extension of Time is granted; and it is further

ORDERED that defendants' combined response to plaintiffs' Motion to Order Refund of IEEPA Duties on Type 03 Entries and plaintiff-intervenors' Motion for an Order Directing Refund of Invalidated IEEPA Duties on Type 03 Entries shall be filed on or before December 4, 2026.

**SO ORDERED**.

______________________________
Richard K. Eaton, Judge

Dated: ____________________
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. RICHARD K. EATON, JUDGE

| | | |
|---|---|---|
| ADITYA CHEMICALS USA INC., *et al.* | : | |
| Plaintiffs, | : | |
| v. | : | Court No. 26-00134 |
| UNITED STATES, *et al.* | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S MOTIONS FOR AN ORDER DIRECTING REFUNDS OF IEEPA DUTIES ON TYPE 03 ENTRIES**

Pursuant to Rules 1, 6, and 7 of the Rules of the United States Court of International Trade (USCIT), defendants, the United States *et al.* (the Government), respectfully requests that the Court extend the time by eleven (11) days for the Government to file a response to Plaintiffs' Motion to Order Refund of IEEPA Duties on Type 03 Entries and Plaintiff-Intervenor's Motion for an Order Directing Refund of Invalidated IEEPA Duties on Type 03 Entries. The Government's response is currently due on or before November 23, 2026. *See* ECF No. 30. The requested modification would extend this deadline through and including December 4, 2026.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*,

34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014) (explaining that diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for granting our requests for an extension. The Government has been diligently preparing a response to the motions filed by plaintiffs and plaintiff-intervenor. In their motions, plaintiffs and plaintiff-intervenor make several claims regarding the effects of their requested relief on the operations of U.S. Customs and Border Protection. To address those contentions, the Government intends to submit a declaration describing the burdens and operational constraints on CBP involving the relief requested by plaintiffs and plaintiff-intervenors. That declaration will also assist the Court in evaluating the merits of the parties' positions. Despite diligent efforts, the Government requires additional time to finalize the declaration, obtain the necessary review and approvals, and complete its filing before the current deadline. Accordingly, additional time is needed for Government counsel to prepare and file its response to plaintiffs' and plaintiff-intervenor's motions. The requested extension takes into consideration the upcoming holidays, related leave by Government personnel, and the time necessary to obtain internal review. For these reasons, undersigned counsel respectfully requests additional time to respond to plaintiffs' and plaintiff-intervenor's motions.

On November 20, 2026, counsel for plaintiffs, David Craven, of Craven Trade Law LLC, indicated that plaintiffs do not consent to the motion and will be filing a response. On November 20, 2026, counsel for plaintiff-intervenor, Ashley Akers, of Holland & Knight LLP, indicated that plaintiff-intervenor defers to the Court's discretion.

WHEREFORE, the Government respectfully requests that its motion be granted.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Mathias Rabinovitch
MATHIAS RABINOVITCH
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-0484
*Attorneys for Defendant*

Dated: November 20, 2026